UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF DETROIT, MICHIGAN,<br><br>    Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |
| NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION and ASSURED GUARANTY MUNICIPAL CORP.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF DETROIT, MICHIGAN, *et al.*,<br><br>    Defendants. | Chapter 9<br><br>Adv. Pro. No. 13-05309<br><br>Hon. Steven W. Rhodes |

**MOTION OF PLAINTIFFS NATIONAL PUBLIC
FINANCE GUARANTEE CORPORATION AND ASSURED
GUARANTY MUNICIPAL CORP. FOR EXPEDITED
<u>ADJUDICATION OF COMPLAINT</u>**

Plaintiffs, National Public Finance Guarantee Corporation ("<u>National</u>") and Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("<u>Assured</u>," and together with National, "<u>Plaintiffs</u>"), by and through their respective undersigned attorneys, hereby move this Court for an expedited adjudication of all issues raised in Plaintiffs' Complaint for Declaratory

Judgment and Order (the "Complaint"). In support of this Motion, Plaintiffs respectfully represent as follows:

## BACKGROUND

1. On November 8, 2013, Plaintiffs commenced this adversary proceeding by filing their Complaint to obtain a declaratory judgment and order that Michigan law requires the City[1] and the Individual Defendants[2] (collectively, the "Defendants") to segregate and not divert voter-approved *ad valorem* taxes (the "Restricted Funds") that the City must levy and collect for the sole purpose of paying principal and interest on its unlimited tax general obligation bonds (collectively, the "Unlimited Tax Bonds") insured or reinsured by Plaintiffs.

2. Specifically, pursuant to Act 34 of the 2001 Revised Municipal Finance Act, Michigan Compiled Laws ("MCL") 141.2101 *et seq.* ("Act 34"), and the six resolutions and supplemental resolutions adopted by the City Council, Michigan law requires the City to:

---

[1] Capitalized terms not otherwise defined herein have the meaning given to them in the Complaint.

[2] Pursuant to Act 34, which provides that any officer who willfully violates the Act's payment restrictions is personally liable to the holders of the relevant bonds for the loss arising from the failure to comply with the restrictions, Plaintiffs named the following individual defendants: (1) Emergency Manager Kevyn D. Orr, (2) Finance Director John Naglick, (3) Deputy Finance Director Michael Jamison and (4) Treasurer Cheryl Johnson (collectively, the "Individual Defendants").

- levy the full amount of *ad valorem* taxes, without limitation as to rate or amount, necessary to repay the Unlimited Tax Bonds, which are in addition to other *ad valorem* taxes the City is authorized to levy;

- collect the proceeds of the *ad valorem* taxes levied for Unlimited Tax Bond debt service and deposit such proceeds in segregated debt retirement funds (the "Debt Retirement Funds"); and

- use the proceeds of the *ad valorem* taxes only to pay principal and interest on the Unlimited Tax Bonds.

3. By their Complaint, Plaintiffs seek a declaratory judgment declaring that, under Michigan law: (i) the Defendants are required to deposit the Restricted Funds into the Debt Retirement Funds as the Defendants collect *ad valorem* taxes, (ii) the Defendants are required to segregate and not commingle the Restricted Funds with other funds of the City, (iii) the proceeds of the *ad valorem* taxes levied and collected by the City for the sole purpose of paying the holders of the Unlimited Tax Bonds (the "Bondholders") are Restricted Funds, and the Defendants are prohibited from using the Restricted Funds for any purpose other than repaying the Bondholders, and (iv) the Defendants are prohibited from granting any super-priority status or any other interest to any creditor or any other

person under Section 364 pursuant to the relief requested in the Financing Motion,[3] or otherwise, that would impair the Bondholders' and Plaintiffs' interests in the Restricted Funds.[4]

4. The Complaint further seeks an order directing the Defendants to deposit the Restricted Funds in the Debt Retirement Funds and to segregate and not commingle the Restricted Funds with other funds of the City, and prohibiting the Defendants from granting any super-priority status or any other interest to any creditor or any other person under Section 364 pursuant to the relief requested in the Financing Motion, or otherwise, that would impair the Bondholders' and Plaintiffs' interests in the Restricted Funds.

---

[3] On November 5, 2013, the City filed the *Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. §§ 105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 (I) Approving Post-Petition Financing, (II) Granting Liens and Providing Superpriority Claim Status and (III) Modifying Automatic Stay* [Docket No. 1520] (the "Financing Motion"). Each Plaintiff reserves its right to object to the Financing Motion on any and all grounds. The relief requested in the Complaint is not requested in lieu of asserting any such objections to the Financing Motion.

[4] By their Complaint, Plaintiffs do not seek declaratory relief regarding the ultimate disposition of the Restricted Funds at this time, but rather seek to ensure that the Restricted Funds remain restricted during the pendency of the chapter 9 case in accordance with state law. If this Court determines that the City is eligible to be a debtor under chapter 9 of Title 11, issues as to whether the Restricted Funds are impressed with a statutory lien as defined in section 11 U.S.C. § 101(53) and constitute "special revenues" as defined in 11 U.S.C. § 902 will likely need to be determined at a later time following necessary and appropriate fact and expert discovery.

## RELIEF REQUESTED

5. For the reasons discussed below, the relief sought in the Complaint is ripe for expedited adjudication. Plaintiffs' Complaint involves issues of law and undisputed facts, and this dispute therefore can be resolved on an expedited basis through legal briefing and argument.

6. By this Motion, Plaintiffs request that the Court enter a scheduling order substantially in the form attached hereto as Exhibit 1 that sets forth the following deadlines relating to the Complaint:

| 1. November 22, 2013 | Deadline for Defendants to respond to Complaint. |
|---|---|
| 2. December 6, 2013 | Deadline for opening briefs. |
| 3. December 13, 2013 | Deadline for reply briefs. |
| 4. December 18, 2013 | Legal argument and adjudication. |

## ARGUMENT

7. The Court's prompt adjudication of this dispute by year-end will serve the interest of judicial economy and provide for a significant conservation of the parties' resources. Plaintiffs respectfully submit that an expedited adjudication is needed because the City has stated that it intends to continue to levy and collect the Restricted Funds, but that it will no longer segregate the Restricted Funds. The

City has also stated that it is using and intends to continue to use the Restricted Funds for payment of general obligations of the City.

8. On October 1, 2013, the City defaulted on its obligation to make interest payments on the Unlimited Tax Bonds in the amount of $9,372,275.63, including $2,290,787 and $4,200,991 in interest payments due on the Unlimited Tax Bonds insured by National and Assured, respectively. The paying agent as defined in Section 601 of the Resolutions made claims under the respective municipal bond insurance policies in such amounts, which were duly paid by National and Assured. Thus, National and Assured are subrogated to the rights of the Bondholders and hold direct claims against the City in such amounts.

9. To date, the City has failed to segregate amounts sufficient to pay the $9,372,275.63 earmarked for the Unlimited Tax Bonds. In addition, the City is expected to receive approximately $142.5 million in *ad valorem* taxes in January 2014, of which approximately $20 million was levied for purposes of repaying the Unlimited Tax Bonds.

10. These *ad valorem* taxes were specifically authorized, budgeted, levied, collected and pledged to secure the repayment of the Unlimited Tax Bonds. Because the City had reached the constitutional tax rate limitations at the time the Unlimited Tax Bonds were issued, the City, in the absence of voter approval, would have had no authority to levy and collect these *ad valorem* taxes. Further,

the City is prohibited by law from collecting and distributing the Restricted Funds except to repay the Unlimited Tax Bonds. Nothing in chapter 9 or federal bankruptcy law allows the City to disregard state-law restrictions imposed on the Restricted Funds and use such funds for a non-authorized purpose.

11. The Complaint does not seek immediate payment of the Unlimited Tax Bonds, but rather declarations and an order to enforce state-mandated segregation and depositing of the Restricted Funds.

12. Finally, an expedited adjudication will obviate the need for a protracted two-stage adjudication in which (i) the Court hears Plaintiffs on any motion for preliminary injunction that Plaintiffs would file to preserve the Restricted Funds during the pendency of this case; and (ii) the Court hears the same legal argument on the merits of the Complaint. Rather than have to adjudicate the same issues two times in advance of plan confirmation, the Court should hear and decide this matter on an expedited schedule through legal briefing and argument.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court (i) enter an order substantially in the form attached hereto as Exhibit 1, granting the relief sought herein; and (ii) grant such other and further relief to the Plaintiffs as the Court may deem proper.

Dated: November 8, 2013  **JAFFE RAITT HEUER & WEISS, P.C.**

            By: /s/ Paul R. Hage
            Louis P. Rochkind (P24121)
            Paul R. Hage (P70460)
            27777 Franklin Road, Suite 2500
            Southfield, MI 48034-8214
            Telephone: (248) 351-3000
            lrochkind@jaffelaw.com
            phage@jaffelaw.com

            -and-

            **SIDLEY AUSTIN LLP**

            James F. Bendernagel, Jr.
            Guy S. Neal
            1501 K Street, N.W.
            Washington, D.C. 20005
            Telephone: (202) 736-8041
            jbendernagel@sidley.com
            gneal@sidley.com

            Jeffrey E. Bjork
            Gabriel MacConaill
            555 West Fifth Street, Suite 4000
            Los Angeles, California 90013
            Telephone: (213) 896-6000
            jbjork@sidley.com
            gmacconaill@sidley.com

            *Counsel for National Public Finance Guarantee Corp.*

**CHADBOURNE & PARKE LLP**

Lawrence A. Larose
Samuel S. Kohn
Marc D. Ashley
30 Rockefeller Plaza
New York, NY 10012
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
mashley@chadbourne.com

*Counsel for Assured Guaranty Municipal Corp.*

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None [No Affidavits Filed] |
| Exhibit 6 | None [No Documentary Exhibits Filed Specific to This Motion] |

# Exhibit 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |
| NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, and ASSURED GUARANTY MUNICIPAL CORP., | Chapter 9 |
| Plaintiffs, | Adv. Pro. No. 13-05309 |
| v. | Hon. Steven W. Rhodes |
| CITY OF DETROIT, MICHIGAN, et al., | |
| Defendants. | |

## SCHEDULING ORDER

This matter coming before the Court on the Motion of Plaintiffs National Public Finance Guarantee Corporation and Assured Guaranty Municipal Corp. for Expedited Adjudication of Complaint (the "Motion"); the Court having reviewed the Motion and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (c) notice of

the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. At the status conference in this case on November __, 2013, the Court determined to establish the following dates and deadlines:

| 1. November 22, 2013 | Deadline for Defendants to respond to Complaint. |
|---|---|
| 2. December 6, 2013 | Deadline for opening briefs. |
| 3. December 13, 2013 | Deadline for reply briefs. |
| 4. December 18, 2013 | Legal argument and adjudication. |

3. The dates and deadlines established herein will be extended only on motion establishing good cause.

It is so ordered.

# Exhibit 2

A separate *Ex Parte* Motion for an Expedited Hearing with Respect to this Motion is being filed herewith.

# Exhibit 3

No brief is required.

# Exhibit 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |
| NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION and ASSURED GUARANTY MUNICIPAL CORP., | Chapter 9 |
| Plaintiffs, | Adv. Pro. No. 13-05309 |
| v. | Hon. Steven W. Rhodes |
| CITY OF DETROIT, MICHIGAN, *et al.*, | |
| Defendants. | |

## Certificate of Service

I hereby certify that on November 8, 2013, I caused the *Motion of Plaintiffs National Public Finance Guaranty Corporation and Assured Guaranty Municipal Corporation For Expedited Adjudication of Complaint* (the "Motion") to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to Defendant, City of Detroit, Michigan.

I further certify that on November 8, 2013, I caused the Motion to be served, via first class mail, on the following parties:

| | |
|---|---|
| Kevyn D. Orr<br>Coleman A. Young Municipal Center<br>2 Woodward Ave, Suite 1126<br>Detroit, MI 48226 | John Naglick<br>Coleman A. Young Municipal Center<br>2 Woodward Avenue, Suite 1200<br>Detroit, MI 48226 |
| Cheryl Johnson<br>Coleman A. Young Municipal Center<br>2 Woodward Avenue, Suite 1200<br>Detroit, MI 48226 | Michael Jamison<br>Coleman A. Young Municipal Center<br>2 Woodward Avenue, Suite 1200<br>Detroit, MI 48226 |
| Bruce Bennett<br>Jones Day<br>555 South Flowers Street, Fiftieth Floor<br>Los Angeles, CA 90071 | Jonathan Green<br>Miller Canfield Paddock & Stone<br>150 West Jefferson, Suite 2500<br>Detroit, MI 48226 |

Respectfully submitted by:

Dated: November 8, 2013

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Paul R. Hage
Louis P. Rochkind (P24121)
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, MI 48034-821
Telephone: (248) 351-3000
lrochkind@jaffelaw.com
phage@jaffelaw.com

*Counsel for National Public Finance Guarantee Corp.*

# Exhibit 5

No affidavits are required.

# Exhibit 6

No documentary exhibits are required that are specific to this Motion.